**2011 OK CIV APP 10**

**STATE of Oklahoma, Plaintiff/Appellee,**

v.

**Douglas Charles SHAFFER, Defendant/Appellant,**

and

**Kristin M. Shaffer, Appellant.**

**No. 107145.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 22, 2010.

Rehearing Denied Dec. 20, 2010.

Matney M. Ellis, Assistant District Attorney, Tulsa, OK, for Plaintiff/Appellee.

Douglas C. Shaffer, Yukon, OK, Pro Se.

BAY MITCHELL, Judge.

¶ 1 *Pro Se* prison inmate Douglas C. Shaffer ("Debtor") and his Wife Kristin M. Shaffer ("Wife") (collectively, "Shaffers"), seek review of the trial court's Order Denying [the Shaffers'] Protest to Tax Warrant Intercept, which was entered subsequent to a hearing held in accordance with the Oklahoma Administrative Procedures Act, 75 O.S. § 250 et seq. The Tax Warrant Intercept had been filed by Plaintiff/Appellee ("State") pursuant to 68 O.S. Supp.2008 § 205.2(A)[1] seeking funds to be deducted from Debtor's state income tax refund to satisfy the court costs of $2,262.20 Debtor owed as a result of felony convictions stemming from two criminal proceedings.

---

1. 68 O.S. Supp.2008 § 205.2(A.) provides in pertinent part as follows:

   A. A state agency or a district court seeking to collect a debt or final judgment of at least Fifty Dollars ($50.00) from an individual who has

   filed a state income tax return may file a claim with the Oklahoma Tax Commission requesting that the amount owed to the agency or a district court be deducted from any state income tax refund due to that individual.

¶ 2 Title 68 O.S. § 205.2(B) mandates that appeals from actions taken at the underlying hearing are governed in accordance with the provisions of the Oklahoma Administrative Procedures Act. Accordingly, we will reverse "if an appealing party's substantial rights are prejudiced because the ... decision is entered in excess of statutory authority or jurisdiction, or an order is entered based on an error of law." *McAlary v. State ex rel. Dep't of Human Services,* 2010 OK CIV APP 39, ¶ 9, 233 P.3d 399, 403, *cert. denied.*

¶ 3 Shaffers appeal on the primary basis that the trial court erred in authorizing the State's interception of the **entire amount of the Shaffers'** *joint* **tax refund** without a requisite adjustment for the refund attributable to non-debtor Wife Kristin Shaffer contrary to 68 O.S. Supp.2008 § 205.2(A)(3) [2] and § 205.2(B).[3] We agree. Although it is clear from the pertinent statutory authorities cited by Shaffers in both their trial brief as well as their appellate submissions [4] that the non-debtor Wife "is entitled to a refund" accomplished by way of an adjustment made subsequent to a hearing on the matter, the trial court erroneously failed to make the statutory adjustment to ensure non-debtor Wife's refund. The statute provides "[i]t shall be determined at the hearing whether the claimed sum is correct or whether an adjustment to the claim **shall** be made." § 205.2(B). Where the statute provides for a refund to the non-debtor Wife and particularly here, where the record demonstrates the non-debtor/taxpayer Wife is the **only** wage earner, the statute mandates an adjustment be made to ensure the non-debtor Wife's receipt of a refund.

¶ 4 Because we find the trial court's determination was premised upon a clear error contrary to statutory authority, we need not reach a determination on the other issues preserved for review including constitutional issues raised in Shaffers' appellate brief submissions. *Board of County Comm'rs v. Lowery,* 2006 OK 31, ¶ 14, 136 P.3d 639, 649.

¶ 5 Upon remand, the trial court is instructed to enter an order with an express determination of an amount of the tax refund to which non-debtor Wife is entitled and an amount of the tax refund attributable to Debtor, which is subject to interception.

¶ 6 The trial court's Order Denying Defendant's Protest to Tax Warrant Intercept is REVERSED AND REMANDED.

JOPLIN, P.J., and BELL, V.C.J., concur.

---

**2.** "3. In the case of a joint return, the notice shall state:

a. the name of any taxpayer named in the return against whom no debt or final judgment is claimed,
b. the fact that a debt or final judgment is not claimed against the taxpayer,
c. **the fact that the taxpayer is entitled to receive a refund if it is due regardless of the debt or final judgment asserted against the debtor....**"
§ 205.2(A)(3) (emphasis added).

**3.** "B. If the district court or agency asserting the claim receives a written request from the debtor or taxpayer against whom no debt or final judgment is claimed requesting a hearing, the agency or the district court shall grant a hearing according to the provisions of the Administrative Procedures Act.... **It shall be determined at the hearing whether the claimed sum is correct or whether an adjustment to the claim shall be made.** Pending final determination at the hearing of the validity of the debt or final judgment asserted by the district court or the agency, no action shall be taken in furtherance of the collection of the debt or final judgment."

68 O.S. Supp.2008 § 205.2(B) (emphasis added).

**4.** Additionally, the notice of claim sent to Debtor and Wife indicates "no debt is claimed by the Tulsa County District Court Clerk against Kristin M. Shaffer named in the joint return. The taxpayer is entitled to receive a refund if it is due regardless of the debt asserted against the defendant." The record reflects Debtor timely filed a written request for a hearing within the sixty day statutory deadline.